UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| MATERIAL YARD WORKERS LOCAL 1175 BENEFIT FUNDS, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>MEN'S WEARHOUSE INC., et al.,<br><br>　　　　　　　　　　Defendants. | § § § § § § § § § § § § § § | Civil Action No. 4:09-cv-03265<br><br>CLASS ACTION |

**MEMORANDUM IN SUPPORT OF IRON WORKERS LOCAL NO. 55 PENSION FUND'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF LEAD AND LIAISON COUNSEL**

**TABLE OF CONTENTS**

**Page**

I. PRELIMINARY STATEMENT ....................................................................................... 1

II. FACTUAL BACKGROUND ............................................................................................ 2

III. ARGUMENT ..................................................................................................................... 3

    A. IRON WORKERS LOCAL NO. 55 PENSION FUND SHOULD BE APPOINTED LEAD PLAINTIFF ............................................................................ 3

        1. The Procedure Required By The PSLRA ........................................................ 3

        2. Iron Workers Local No. 55 Pension Fund Satisfies the "Lead Plaintiff" Requirements of the Exchange Act ................................................ 4

            a. Iron Workers Local No. 55 Pension Fund Has Complied with the Exchange Act and Should Be Appointed Lead Plaintiff ............................................................................................. 4

            b. Iron Workers Local No. 55 Pension Fund Has the Requisite Financial Interest in the Relief Sought by the Class ........................ 5

            c. Iron Workers Local No. 55 Pension Fund Otherwise Satisfies Rule 23 ............................................................................... 5

    B. THE COURT SHOULD APPROVE IRON WORKERS LOCAL NO. 55 PENSION FUND'S CHOICE OF COUNSEL ....................................................... 8

IV. CONCLUSION .................................................................................................................. 8

I.  **PRELIMINARY STATEMENT**

Presently pending before this Court is a securities class action lawsuit (the "Action") brought on behalf of all those who purchased or otherwise acquired Men's Wearhouse Inc. ("Men's Wearhouse" or the "Company") between March 7, 2007 and January 9, 2008 , inclusive (the "Class Period"), and alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78(j)(b) and 78(t)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Class member Iron Workers Local No. 55 Pension Fund hereby moves this Court for an order to: (i) appoint Iron Workers Local No. 55 Pension Fund as Lead Plaintiff in the Action under Section 21D(a)(3)(B) of the Exchange Act; and (ii) approve Iron Workers Local No. 55 Pension Fund's selection of the law firm of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") to serve as Lead Counsel and the law firm of Schwartz Junell Greenberg & Oathout LLP ("Schwartz Junell") to serve as Liaison Counsel.

This motion is made on the grounds that Iron Workers Local No. 55 Pension Fund is the most adequate plaintiff, as defined by the PSLRA.  Iron Workers Local No. 55 Pension Fund suffered losses of $196,956.68 in connection with its purchases of shares of Men's Wearhouse stock during the Class Period.  *See* Greenberg Aff., Ex. B.[1]  In addition, Iron Workers Local No. 55 Pension Fund, for the purposes of this Motion, adequately satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that its claims are typical of the claims of the putative class and that it will fairly and adequately represent the interests of the class.

---

[1]   References to the "Greenberg Aff., Ex. ___" are to the exhibits attached to the accompanying Affidavit of Roger B. Greenberg dated December 7, 2009 and filed concurrently herewith.

## II.     FACTUAL BACKGROUND[2]

The complaint charges Men's Wearhouse and certain of its executives with violations of the Exchange Act. Men's Wearhouse describes itself as "one of North America's largest specialty retailers of men's apparel with 1,284 stores." The Company's U.S. retail apparel stores are operated under the brand names of Men's Wearhouse and K&G.

The complaint alleges that, throughout the Class Period, defendants made numerous positive statements regarding the Company's financial condition, business and prospects. The complaint further alleges that these statements were materially false and misleading because defendants failed to disclose the following adverse facts, among others: (a) that the K&G division was performing poorly and not meeting internal expectations; (b) that the Company was experiencing significant difficulties integrating the After Hours acquisition which was causing a severe disruption in that division's business and reducing sales volumes below budgeted levels; (c) that, given the deteriorating demand for the Company's products, the Company was forced to significantly discount products beyond customary discounts which would further erode earnings; and (d) that as a result of the foregoing, defendants' positive statements concerning the Company's guidance and prospects were lacking in a reasonable basis at all relevant times.

On October 10, 2007, Men's Wearhouse issued a press release announcing its mid-third quarter update for the quarter ending November 3, 2007, lowering guidance due to weak sales at its K&G stores and integration problems with the After Hours acquisition. Following the announcement, the price of Men's Wearhouse common stock fell $4.32 per share, or approximately 9%, to close at $44.16 per share, on October 10, 2007, on heavy trading volume. Defendants, however, continued to conceal the true scope of the problems at the Company.

---

[2]     These facts are drawn from the allegations in this Action.

On November 28, 2007, Men's Wearhouse issued a press release announcing its financial results for the third quarter of fiscal 2007, and announced expectations that diluted earnings per share for the fourth quarter were expected to be in the range of $0.43 to $0.48. In response to the Company's earnings announcement and reduced guidance for fiscal 2007, the price of Men's Wearhouse common stock fell $6.72 per share, or 16%, to close at $34.33 per share, on November 29, 2007, on heavy trading volume.

On January 9, 2008, Men's Wearhouse announced its mid-fourth quarter update for the quarter ending February 2, 2008. In response to the Company's reduced guidance for fiscal 2007, the price of Men's Wearhouse common stock fell $7.60 per share, or 30%, to close at $17.84 per share, on January 10, 2008, on extremely heavy trading volume

### III. ARGUMENT

#### A. IRON WORKERS LOCAL NO. 55 PENSION FUND SHOULD BE APPOINTED LEAD PLAINTIFF

##### 1. The Procedure Required By The PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the Action caused the first notice regarding the pendency of these actions to be published on *Business Wire*, a national, business-oriented newswire service, on October 8, 2009. *See* Greenberg Aff., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]she court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice...;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). *See generally Greebel v. FTP Software*, 939 F. Supp. 57, 64 (D. Mass. 1996).

### 2. Iron Workers Local No. 55 Pension Fund Satisfies the "Lead Plaintiff" Requirements of the Exchange Act

#### a. Iron Workers Local No. 55 Pension Fund Has Complied with the Exchange Act and Should Be Appointed Lead Plaintiff

The time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. §§78u-4(a)(3)(A) and (B) expires on December 7, 2009. Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on October 8, 2009), Iron Workers Local No. 55 Pension Fund timely moves this Court to be appointed lead plaintiff on behalf of all members of the class.

Iron Workers Local No. 55 Pension Fund has duly signed and filed a certification stating that it is willing to serve as the representative party on behalf of the class. *See* Greenberg Aff., Ex. C. In addition, Iron Workers Local No. 55 Pension Fund has selected and retained competent counsel to represent it and the class. *See* Greenberg Aff., Exs. D-E. Accordingly, Iron Workers Local No. 55

- 4 -

Pension Fund has satisfied the individual requirements of 15 U.S.C. §78u-4(a)(3)(B) and is entitled to have its application for appointment as lead plaintiff and selection of lead and liaison counsel as set forth herein, considered and approved by the Court.

### b. Iron Workers Local No. 55 Pension Fund Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, *see* Greenberg Aff., Ex. C., Iron Workers Local No. 55 Pension Fund purchased shares of Men's Wearhouse stock in reliance upon the materially false and misleading statements issued by the defendants and was injured thereby. In addition, Iron Workers Local No. 55 Pension Fund incurred a substantial $196,956.68 loss on its transactions in Men's Wearhouse shares. Iron Workers Local No. 55 Pension Fund thus has a significant financial interest in this case. Therefore, Iron Workers Local No. 55 Pension Fund satisfies all of the PSLRA's prerequisites for appointment as lead plaintiff in this Action and should be appointed lead plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### c. Iron Workers Local No. 55 Pension Fund Otherwise Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Of the four prerequisites to class certification, only two -- typicality and adequacy -- directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866 at *20 (N.D. Ill. Aug. 11, 1997). Iron Workers Local No. 55 Pension Fund satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as lead plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988) ("'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members'") (citations omitted). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review*, 637 F.2d 1014, 1024 (5th Cir. 1981).

Iron Workers Local No. 55 Pension Fund satisfies this requirement because, just like all other class members, it: (1) purchased Men's Wearhouse shares during the Class Period; (2) purchased Men's Wearhouse shares in reliance upon the allegedly materially false and misleading statements

issued by defendants; and (3) suffered damages thereby. Thus, Iron Workers Local No. 55 Pension Fund's claim is typical of those of other class members since its claim and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of Iron Workers Local No. 55 Pension Fund to represent the class to the existence of any conflicts between the interests of Iron Workers Local No. 55 Pension Fund and the members of the class. The standard for adequacy of representation under Rule 23(a)(4) is met by: (1) the absence of potential conflict between the named plaintiffs and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *Modell v. Eliot Sav. Bank*, 139 F.R.D. 17, 23 (D. Mass. 1991) (citing *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (lst Cir. 1985)).

Here, Iron Workers Local No. 55 Pension Fund is an adequate representative of the class. As evidenced by the injuries suffered by Iron Workers Local No. 55 Pension Fund, which purchased Men's Wearhouse shares at prices allegedly artificially inflated by defendants' materially false and misleading statements, the interests of Iron Workers Local No. 55 Pension Fund are clearly aligned with the members of the class, and there is no evidence of any antagonism between Iron Workers Local No. 55 Pension Fund's interest and those of the other members of the class. Further, Iron Workers Local No. 55 Pension Fund has taken significant steps which demonstrate that it will protect the interests of the class: Iron Workers Local No. 55 Pension Fund has retained competent and experienced counsel to prosecute these claims. In addition, as shown below, Iron Workers Local No. 55 Pension Fund's proposed lead and liaison counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Iron Workers Local No. 55

Pension Fund *prima facie* satisfies the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this Motion.

### B. THE COURT SHOULD APPROVE IRON WORKERS LOCAL NO. 55 PENSION FUND'S CHOICE OF COUNSEL

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. In that regard, Iron Workers Local No. 55 Pension Fund has selected the law firm of Coughlin Stoia as lead counsel and the law firm of Schwartz Junell as liaison counsel, firms which have substantial experience in the prosecution of shareholder and securities class actions. *See* Greenberg Aff., Exs. D-E. Accordingly, the Court should approve Iron Workers Local No. 55 Pension Fund's selection of counsel.

## IV. CONCLUSION

For all the foregoing reasons, Iron Workers Local No. 55 Pension Fund respectfully requests that the Court: (i) appoint Iron Workers Local No. 55 Pension Fund as Lead Plaintiff in the Action; (ii) approve its selection of Lead and Liaison Counsel as set forth herein; and (iii) grant such other relief as the Court may deem just and proper.

DATED: December 7, 2009

SCHWARTZ JUNELL GREENBERG
  & OATHOUT LLP
ROGER B. GREENBERG
State Bar No. 08390000
Federal I.D. No. 3932

s/ ROGER B. GREENBERG
ROGER B. GREENBERG

909 Fannin Street, Suite 2700
Houston, TX 77010
Telephone: 713/752-0017
713/752-0327 (fax)

              COUGHLIN STOIA GELLER
                RUDMAN & ROBBINS LLP
              ANNE L. BOX
              655 West Broadway, Suite 1900
              San Diego, CA  92101
              Telephone:  619/231-1058
              619/231-7423 (fax)

              BISCEGLIE & DE MARCO, LLC
              ANGELO R. BISCEGLIE, JR.
              365 Rifle Camp Road
              West Paterson, NJ  07424
              Telephone:  973/742-8900
              973/742-8394 (fax)

              Attorneys for Plaintiff

Document1

## **CERTIFICATE OF SERVICE**

I certify that on December 7, 2009, a true and correct copy of the foregoing ***Memorandum in Support of Iron Workers Local No. 55 Pension Fund's Motion for Appointment as Lead Plaintiff and for Approval of Selection of Lead and Liaison Counsel*** was served on the following counsel via the Court's ECF system as indicated below:

Gerard G. Pecht          gpecht@fulbright.com

                                       */s/ Roger B. Greenberg*
                                        Roger B. Greenberg